IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

CARLOS D. LINDSEY,

                      Plaintiff,

v.                                                                               OPINION and ORDER

JOLINDA WATERMAN, SANDRA MCARDLE, and                  19-cv-180-jdp
JAMES PATERSON,

                      Defendants.

---

Plaintiff Carlos D. Lindsey, appearing pro se, is a prisoner at Wisconsin Secure Prison Facility. Lindsey has filed a complaint under 42 U.S.C. § 1983, alleging that defendants Jolinda Waterman, Sandra McArdle, and James Paterson, three medical practitioners employed by the prison, have denied him access to prescribed asthma inhalers. Lindsey has asked to file this suit *in forma pauperis*. Last year, due to Lindsey's filing of false and unauthorized documents in another case, I barred him from filing most types of cases in this court. *Lindsey v. Johnston*, No. 18-cv-398, Dkt. 47 (W.D. Wis. Dec. 17, 2018). However, this bar does not apply to complaints alleging that he is in imminent danger of serious physical harm.

I will allow Lindsey to proceed with his complaint because it alleges imminent danger of serious physical harm.

A. **Initial partial payment**

I will direct Lindsey to submit a copy of his prison trust fund account statement so the court may determine whether he qualifies to file *in forma pauperis* and assess him an initial partial payment of the filing fee. Once he submits the statement, the court will assess him an initial partial payment of the filing fee. This payment will equal 20 percent of either the average monthly balance of his trust fund account or the average monthly deposits to his account over

the last six months. 28 U.S.C. § 1915(b)(1). If he doesn't submit the statement by September 17, 2019, I will dismiss his case for his failure to comply with § 1915's requirements.

**B. Screening**

For efficiency, I will screen Lindsey's complaint at this point, even though he has not yet made the initial partial payment. I must dismiss any portion that is malicious or legally frivolous, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. §§ 1915 and 1915A. Because Lindsey is not represented by a lawyer, I must read his allegations generously. *Haines v. Kerner*, 404 U.S. 519, 521 (1972) (per curiam).

The Eighth Amendment to the United States Constitution forbids prison officials from intentionally ignoring the risk caused by a prisoner's "serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 103–04 (1976). Lindsey alleges that he suffers from respiratory difficulties and that he has been prescribed a rescue medical inhaler for asthma or asthma-related symptoms by various medical professionals. Dkt. 1, at 2–3. He also alleges that each defendant is refusing him to use an inhaler on an ongoing basis—most recently Paterson, who discontinued Lindsey's use of an inhaler because of self-harm concerns. Dkt. 1, at 2–3. This, he alleges, has caused him to suffer ongoing respiratory difficulties, including mild asthma attacks following exercise. Dkt. 1, at 3.

Lindsey has alleged a serious medical need. If a doctor has recognized that a condition needs treatment, that condition is a serious medical need. *Johnson v. Snyder*, 444 F.3d 579, 584–85 (7th Cir. 2006). And an untreated condition that causes needless pain and suffering or significantly affects daily activities is also a serious medical need. *Gutierrez v. Peters*, 111 F.3d 1364, 1371–73 (7th Cir. 1997). Asthma "can be, and frequently is, a serious medical condition,

depending on the severity of the attacks." *Board v. Farnham*, 394 F.3d 469, 484 (7th Cir. 2005). Lindsey says that multiple medical practitioners, including two doctors, have determined that his asthma and respiratory difficulties are severe enough to need treatment by an inhaler. He also says that he suffers when he cannot use an inhaler, including after exercising. This is enough to show a serious medical need at the screening stage.

But Lindsey has not alleged that the defendants have intentionally ignored the risk caused by this need. This requires an official to know of and ignore "an excessive risk to inmate health or safety." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Lindsey does not allege that he has been denied medical care, as he states that he has been seen multiple times for his symptoms. And he does not allege that Paterson's concerns about Lindsey's self-harm are unreasonable. Instead, it appears that Paterson has determined that the risk caused by Lindsey's "mild" asthma and respiratory difficulties is outweighed by the risk of self-harm. Thus Lindsey has not alleged that Paterson, or any other defendant, has deliberately ignored his medical needs.

Instead of dismissing Lindsey's complaint because it doesn't state a claim under the Eighth Amendment, I will give Lindsey a short time period to file an amended complaint that must explain how each defendant has intentionally ignored the risk caused by his asthma and respiratory difficulties. If he does not file an amended complaint by the deadline, I will dismiss his complaint for failure to state a claim.

ORDER

IT IS ORDERED that:

1. Plaintiff may have until September 17, 2019, to submit a trust fund account statement for the period beginning approximately January 31, 2019, and ending approximately July 31, 2019.

2. Plaintiff may have until September 17, 2019, to submit an amended complaint.

Entered August 27, 2019.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge